# EXHIBIT "A"

099930-000306 7240471.1

This e-copy is the official court record (GC68150)

Yosi Yahoudai, Esq. SBN 250679
R. Bret Beattie, Esq., SBN 150068
**JAVAHERI & YAHOUDAI**
A Professional Law Corporation
1880 Century Park East, Suite 717
Los Angeles, CA 90067
Telephone: (310) 407-0766
Facsimile: (310) 407-0767

Attorneys for Plaintiff, BARBARA C. PETTITT

ELECTRONICALLY FILED
Merced Superior Court
3/2/2021 10:07 AM
Amanda Toste
Clerk of the Superior Court
By: Nengsy Moua, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF MERCED – OLD MAIN COURTHOUSE

| | |
|---|---|
| BARBARA C. PETTITT, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION; and DOES 1 to 50, Inclusive.<br><br>Defendants. | Case No.: 21CV-00686<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES:**<br><br>1. PREMISES LIABILITY<br><br>2. GENERAL NEGLIGENCE<br><br>[DEMAND FOR JURY TRIAL] |

Plaintiff, BARBARA C. PETTITT, alleges and complains as follows:

## GENERAL ALLEGATIONS

## PARTIES

1. BARBARA C. PETTITT, hereinafter ("Plaintiff"), an individual, is and/or was, at all times relevant herein, residing in Chowchilla, CA 93610.

2. Plaintiff is informed and believes, and upon such information and belief alleges that Defendant, COSTCO WHOLESALE CORPORATION hereinafter ("COSTCO") and at all times relevant herein is a *Washington* foreign stock Corporation bearing entity number C1587907, qualified to do business and doing business in the State of California, County of San Joaquin, with its principal place of business located at 1445 R. Street, Merced, CA 95340.

3. The true names or capacities, whether individual, corporate, associate or otherwise, of

---

1

PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendants named herein as DOES 1 to 50, Inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to state the true names and capacities when the same have been ascertained.

4. Plaintiff is informed and believes, and upon such information and belief alleges that each of the Defendants designated herein as a DOE are legally responsible in some manner for the events and happenings referred to and legally caused injury and damages to Plaintiff as hereinafter set forth.

5. Plaintiff is informed and believes, and upon such information and belief alleges that at all times material hereto Defendants, and each of them, were the agents and/or employees of their Co-Defendants, and in doing the things herein mentioned were acting in the course and scope of their authority as such agents and/or employees, and with the permission and consent of their Co-Defendants, and each of them.

## FIRST CAUSE OF ACTION

### (For Premises Liability Against All Defendants)

6. Plaintiff, realleges and incorporates herein by reference paragraphs 1 through 5, inclusive of this complaint.

7. At all times material hereto, Defendants, and DOES 1 through 50, Inclusive, and each of them, owned, operated, controlled, supervised and maintained the premises at the ("COSTCO") located at 1445 R. Street, Merced, CA 95340, and the Defendants, and each of them, were owning, operating, controlling, supervising and maintaining said premises with the consent, permission and knowledge of each of the remaining Defendants, and each of them.

8. On April 5, 2019, Plaintiff was lawfully and legally upon said premises as an invited guest of Defendants and each of them, located at 1445 R. Street, Merced, CA 95340. At the time of the subject accident, Plaintiff violently tripped and fell over empty pallets that were placed on Defendants floor resulting in Plaintiff's injuries and related damages.

9. At said premises, Defendants, and each of them, and DOES 1 through 50, inclusive, so negligently, willfully, carelessly, recklessly, and unlawfully, owned, possessed, maintained, operated, supervised, managed, controlled, designated, constructed, assembled, installed,

inspected and serviced said premises so as to proximately cause, permit and allow the same to be in a dangerous, and unsafe condition.

10. Said condition existed prior to and at the time of Plaintiff's accident herein. Defendants, knew or should have known that the dangerous condition existed as they created the dangerous condition and failed to notify Plaintiff and other invited guests of the dangerous condition or in the alternative, guard against said dangerous condition.

11. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was injured in her health, and activity, sustaining bodily injury, which has caused, and will cause, great mental and physical pain and suffering, all to Plaintiff's general damages in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

12. As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred, and will incur, medical and related expenses in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

13. At the time of said accident/injury Plaintiff was employed or employable, and as a direct and proximate result of the negligence of Defendants, and each of them, and by reason of the injuries suffered by Plaintiff, Plaintiff sustained loss of earnings and diminished future earning capacity in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

## SECOND CAUSE OF ACTION

### (For Negligence Against All Defendants)

14. Plaintiff re-alleges and incorporates by reference paragraphs previously alleged in this Complaint, as though fully set forth herein.

15. At all times material hereto, Defendants, and DOES 1 to 50, Inclusive, and each of them, owned, operated, controlled, supervised and maintained the ("COSTCO") located at 1445 R. Street, Merced, CA 95340, and the Defendants, and each of them, were owning, operating, controlling, supervising and maintaining said premises with the consent, permission and

knowledge of each of the remaining Defendants, and each of them.

16. Plaintiff is informed and believes, and hereon alleges, that she was further injured due to negligent acts or omissions by the agents, representatives or employees of Defendants, and each of them.

17. Plaintiff is informed and believes, and hereon alleges, that at all relevant times Defendants, and each of them, owed Plaintiff and other invited guests a legal duty and/or duties. Plaintiff is further informed and believes that Defendants, and each of them, breached said duty and/or duties.

18. On April 5, 2019, Plaintiff was lawfully and legally upon said premises as an invited guest of Defendants and each of them, located at 1445 R. Street, Merced, CA 95340. At the time of the subject accident, Plaintiff violently tripped and fell over empty pallets that were placed on Defendants floor resulting in Plaintiff's injuries and related damages.

19. Defendants and each of them breached their duty of care to Plaintiff to maintain their premises free of any hazardous and dangerous conditions that exposed Plaintiff and other invited guests to injury. Defendants knew or should have known that placing empty pallets directly in the path of pedestrians and invited guests, created a dangerous condition and exposed Plaintiff and other invited guests to serious injury and related damages.

20. Defendants failure to inspect their premises for dangerous conditions was a direct factor to Plaintiff's injuries and related damages.

21. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff was injured in her health, and activity, sustaining bodily injury, which has caused, and will cause, great mental and physical pain and suffering, all to Plaintiff's general damages in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

22. As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred, and will incur, medical and related expenses in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

23. At the time of said injury Plaintiff was employed or employable, and as a direct and proximate result of the negligence of Defendants, and each of them, and by reason of the injuries suffered by Plaintiff, Plaintiff sustained loss of earnings and diminished future earning capacity in an amount not yet ascertained or in a sum according to proof at the time of trial, but in excess of the minimal jurisdictional limits of this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, BARBARA C. PETTITT, demands a jury trial and prays for a judgment against all named Defendants and DOES 1 to 50, Inclusive, as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For personal property damages according to proof;
4. For pre-judgment and post-judgment interest as allowed by law;
5. For costs of suit incurred herein; and
6. For such other and further relief as this Court may deem just and proper.

Dated: January 18, 2021

JAVAHERI & YAHOUDAI

By: _____
YOSI YAHOUDAI, ESQ.
Attorneys for Plaintiff,
BARBARA C. PETTITT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: January 18, 2021

JAVAHERI & YAHOUDAI

By: _____
YOSI YAHOUDAI, ESQ.
Attorneys for Plaintiff,
BARBARA C. PETTITT